## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARLA HUAMAN ON BEHALF | : CIVIL ACTION NO: |
| OF HER MINOR SON, "JM", | : |
| PLAINTIFFS | : |
| | : |
| V. | : |
| | : |
| | : |
| MARK SIROIS, CHIEF OF POLICE | : |
| WOODROW TINSLEY III, POLICE OFFICER, | : |
| STEVEN SYME, POLICE SERGEANT: AND | : |
| KENNETH SULLIVAN, POLICE OFFICER, IN | : |
| THEIR INDIVIDUAL AND OFFICIAL CAPACITY | : |
| AND TOWN OF EAST HARTFORD, | : |
| DEFENDANTS | : APRIL 9, 2013 |

## <u>COMPLAINT</u>

<u>NATURE OF ACTION</u>

1.    This is an action for deprivation of civil rights under 42 U.S.C. § 1983 and the United States and Connecticut Constitution that secure for the plaintiff to be free from excessive force, undue bodily restraint, false arrest, malicious prosecution and for related torts under the common law of the State of Connecticut. The plaintiff was denied procedural and substantive due process and equal protection rights secured under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution.

JURISDICTION AND VENUE

2.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1367, 2201, 2202 and 42 U.S.C. § §1983, 1988 the Fourth and Fourteenth Amendments to the United States Constitution and Article First, §§ 7 and 9 of the Connecticut Constitution, and Connecticut General Statutes ("CGS") § 7-465, and CGS § 52-557.

3.      Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because all of the defendants are residents of the State of Connecticut and a substantial part of the events or omissions giving rise to the claims occurred in the State of Connecticut.

4.      The Court has personal jurisdiction over the Town of East Hartford because the Town of East Hartford is subject to general jurisdiction in the State of Connecticut and because the Town of East Hartford committed the tortious acts from which some of the causes of action arise.

5.      The Court has personal jurisdiction over defendants Mark Sirois, Woodrow Tinsley, Steven Syme and Kenneth Sullivan because each is a resident of the State of Connecticut and subject to general jurisdiction in this state and because they committed tortious acts, from which this cause of action arises, in the State of Connecticut.

6.      Notice of intent to sue was duly given to defendants on November 28, 2012, in accordance with the written notice provisions of CGS § 7-465.

PARTIES

7.      The plaintiff Karla Huaman, ("Huaman") is the mother and next friend of "JM".   She was at all times mentioned herein a Hispanic female citizen and resident of the Town of East Hartford and State of Connecticut

8.      The plaintiff, "JM" ("child') at all times mentioned herein he was a twelve-year-old Hispanic male who resided with his mother in the Town of East Hartford, Connecticut.  The true name of the minor plaintiff will be filed with this court under seal, to protect him, because of his age and the nature of the matters set forth herein.

9.      The defendant, Mark Sirois ("Sirois"), during all times mentioned in this action, was a duly appointed Chief of Police for the Town of East Hartford Police Department. He is sued in his individual and official capacity.

10.     The Defendant, Woodrow Tinsley, III ("Tinsley"), during all times mentioned in this action, was a duly appointed police officer for the Town of East Hartford Police Department. He is sued in his individual and official capacity.

11.     The Defendant, Kenneth Sullivan ("Sullivan"), during all times mentioned in this action, was a duly appointed police officer for the Town of East Hartford Police Department.  He is sued in his individual and official capacity.

12.     The defendant, Steven Syme ("Syme"), during all times mentioned in this action, was a duly appointed police sergeant, acting in his official capacity for the Town of East Hartford Police Department.  He is sued in his individual and official capacity.

13.     The defendant, Town of East Hartford, during all times mentioned in this action, was a municipality incorporated under the laws and within the State of Connecticut.

14.     The police defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, polices, rules, regulations, customs and usages of the State of Connecticut and the Town of East Hartford.

15.     The defendant, Town of East Hartford is subject to indemnify the individual defendants pursuant to CGSA §§ 7-465 and 52-557.

**COUNT ONE  (Deprivation of Civil Rights under 42 U.S.C. § 1983 (Excessive Force)**

16.     (Incorporating paragraphs 1-15) Huaman and the child, during all times mentioned in this action lived in a small apartment in East Hartford.

17.     Plaintiff child, at all times mentioned in this action, suffered from psychological, emotional and developmental disabilities, including depression and Autism.

18.     The child was disabled in that he had, inter alia, difficulty in understanding certain conditions, perceptions and relationships.

19.     Because of these conditions, the child was found to be truant pursuant to Connecticut General Statutes.

20.     As a result of these and other factors, JM's parents were referred to the State of Connecticut, Department of Children and Families ("DCF").

21.     DCF assigned Social Worker, Lisa Freeman ("Freeman") to the case.

4

22.     On or about November 6, 2012, a court services officer for the State of Connecticut, Juvenile Court generated a computer entry in the DCF case against the parents ordering the parents to submit their child for a psychological evaluation at the Juvenile facility, 920 Broad Street, Hartford, CT. on November 15, 2012 at 9:00 a.m. (the "notice").

23.     The computer generated document stated: "A Court Ordered Evaluation Has Been Scheduled with: Bruce Freedman, PHD".  While unsigned, at the bottom of the document is typed: "[]-Court Services Officer."

24.     Court Services Officers do not have the authority to issue warrants for arrest, capias or any other form of arrest or custody.

25.     This court notice was not signed by a judge and did not compel the child be taken into custody by any government official including, but not limited to, DCF and the East Hartford Police.

26.     This notice was not an arrest warrant, capias and did not in any way mandate that the child be taken into custody.

27.     The aforementioned notice was directed to the child's parents not the child.

28.     At some time prior to November 15, 2012, the notice of psychological evaluation was forwarded to DCF Social Worker Freeman.

29.     On November 15, 2012, Freeman went to the plaintiffs' apartment in East Hartford, arriving at approximately 8:10 a.m.

30.     Upon her arrival Freeman met with Huaman and the child and attempted to get the child to go with her to the psychological evaluation.

31.     The child informed Freeman that he was sick and too tired to attend the evaluation and that it would take too long.

32.     The child was dressed only in boxer shorts underwear and resting on the couch in the living area of the apartment.

33.     Despite the child's physical and psychological pain, Freeman insisted that he appear at the psychological evaluation.

34.     The psychological evaluation was scheduled to determine, inter alia, why the child had distress in leaving his home.

35.     Freeman told the child that he "had the option of getting dressed and attending or she would contact the East Hartford Police for assistance".

36.     The child still refused and Freeman contacted East Hartford Police.

37.     Freeman called and East Hartford Police asked her "a few questions" and dispatched defendant Tinsley to the apartment.

38.     At no point did anyone communicate to Tinsley that the plaintiff child be taken into custody.

39.     At no point during the incident was there any reason or probable cause to arrest or take into custody the child.

40.      In his sworn police report, Tinsley stated that he was, "dispatched to assist Lisa Freeman, a caseworker with the State of Connecticut's Department of Children and Families at [plaintiffs' address]."

41.     Tinsley swore in his report that he read the computer printout of the notice.

42.     The printout did not state that the child be taken into custody.

43.     Despite having no lawful basis, Tinsley in an angry and hostile manner told the child, "You have two seconds to get dressed."

44.     The twelve-year-old disabled child, still resting on the couch, responded that two seconds would not be enough.

45.     In response, Tinsley exploded, charging across the room, shoving a large coffee table out of the way and lunged at the child, grabbing him by the forearm and thereafter pulling the child off the couch, and then putting the child's head into a headlock using his left arm.

46.     Tinsley's left arm moved down to a chokehold on the child's neck. With his right arm Tinsley repeatedly punched the child in the face and stomach at the same time pulling him to the doorway.

47.     At the doorway, the child gripped both sides with each arm to stop from being dragged into the street naked except for boxer shorts.

48.     Tinsley dragged the nearly naked child from the apartment through the exit door and into the hallway, attempting to take him to outside.

49.     Despite pleas to stop from Freeman and the child's mother, Tinsley continued to assault the child and drag him out.

50.     Freeman, fearing that Tinsley would break the child's arm, pulled the child's hands off the door.

51.     Tinsley then dragged the child through the apartment door and then reversed course back into the apartment where he slammed the child face first to the floor, shoved his knee into his neck and head and yanked his arms behind his back and handcuffed him.

52.   After handcuffing the child Tinsley continued to repeatedly punch him in the face, stomach and kneed him in the neck and head.

53.   At no time did the child or mother interfere, hit or otherwise attempt to assault Tinsley.

54.   After the above, Tinsley went into the plaintiffs' kitchen and washed his hands.

55.   As a result of Tinsley beating, the child suffered injuries to his face, neck and internal bleeding in his stomach.

56.   After Tinsley was finished and the while the child lay handcuffed face first on the ground Tinsley left him and went to the kitchen to wash up.

57.   Tinsley, inter alia, swore and admitted in his report that he "punched [JM] in the face".

58.   Freeman and plaintiff Huaman, after imploring Tinsley, were allowed to put some clothes on the child who was taken by Tinsley outside and placed in Tinsley's patrol vehicle.

59.   While outside, Defendant supervisor Syme and Sullivan arrived.

60.   At the scene outside the apartment building Huaman was harassed, denigrated and mocked by East Hartford Police Supervisor and Officers who arrived at the scene and refused to speak to her or hear her complaints of Tinsley's misconduct.

61.   Sullivan, who arrived outside the building, saw the injuries to the child. When the child asked why Tinsley punched him in the face. Sullivan told him he deserved it.

62. Sullivan further stated, "Good, you people, you're a punk and should be in school."

63. Outside the building, Tinsley, Sullivan and other officers, including Syme joked and bragged about beating a Hispanic.

64. Syme, and Sullivan commented that that Tinsley's beating of the child was "good practice" for his participation in "MMA" a reference to the extremely violent "sport" of Mixed Martial Arts.

65. After SGT Syme, Tinsley and Sullivan conferred about the incident and were aware of the complaints of excessive force from Huaman and Freeman, they decided to manufacture charges against the child in order to cover up the misconduct.

66. After this conference at the scene, Tinsley at the direction of Syme arrested the plaintiff, falsely charging him with Interfering with an Officer, CGSA 53a-167a and Assault on a Police Officer, CGSA 53a-167c.

67. In his sworn arrest report Tinsley indicated that he was not injured. Tinsley was not assaulted by anyone.

68. In furtherance of this conspiracy, Tinsley went to DCF's offices in Manchester and to speak to Freeman about the incident.

69. This interview was an attempt to tamper with a witness and obstruction of justice.

70. Freeman rebuffed this attempt and executed a handwritten statement that referenced Tinsley's misconduct and punching of the child.

71.   The defendant Tinsley entered both plaintiffs' apartment without a warrant or permission.

72.   The defendant Tinsley had no basis to arrest the child. The defendants have stated no legitimate basis for the initial walloping of the child.

73.   In his sworn arrest report Tinsley falsely indicated that the child was not injured and did not require medical attention.

74.   Despite the obvious injuries to the child's face and neck and internal injuries to his stomach, Defendants denied medical treatment for the child.

75.   The child was taken to Juvenile court in police custody and subsequently released and taken to the Children Medical Center for treatment.

76.   Tinsley illicitly and unlawfully, in an attempt to obstruct justice, went to DCF offices in Manchester to persuade Freeman into covering up his assault on the child.

77.   Freeman took photographs of the injuries to the child's face and body and gave copies to Tinsley and East Hartford Police later that day.

78.   Tinsley did not put the photos in his police report.

79.   Upon his release from plaintiff was taken to Connecticut Children's Medical Center Emergency Department by his mother for the afore described injuries and treated.

80.   This is an action for money damages and equitable relief to redress the deprivation by the defendants of rights secured to the plaintiff to be free from excessive force and undue bodily harm.

81.    The defendant Tinsley had a duty to perform the responsibilities of his position without the use of excessive force.

82.    Considering all the facts and circumstances, the defendant Tinsley employed unreasonable force.

83.    The defendants should have known that emotional distress and physical injury was the likely result of their actions.

84.    As a consequence of the actions of the defendants, the plaintiff suffered great humiliation, pain, embarrassment, anxiety, stress, emotional mental upset, eating disorder, loss of sleep and exacerbation of his depression, exacerbation of his autism and developmental disorders, and the physical injuries mentioned above.

85.    For the reasons set forth above, the injuries to the plaintiff were the direct and proximate cause of the intentional actions of the defendants.

86.    The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages of the State of Connecticut and Town of East Hartford.

87.    The defendants, by their conduct violated the Procedural Due Process rights guaranteed to the plaintiffs by the 14th Amendment to the United States Constitution and the Constitution of the State of Connecticut.

88.    The defendants, by their conduct violated the Substantive Due Process rights guaranteed to the plaintiffs by the 14th Amendment to the United States Constitution and the Constitution of the State of Connecticut.

89.     The defendants, by their conduct violated the Equal Protection rights guaranteed to the plaintiffs by the 14th Amendment to the United States Constitution and the Constitution of the State of Connecticut.

**COUNT TWO  (Deprivation of Civil Rights under 42 U.S.C. § 1983 (False Arrest)**

1-89.     Paragraphs one through eighty-nine of Count One are hereby incorporated as paragraphs one through eighty-nine of Count Two.

90.     The acts and conduct of the individual defendants and of the police department of the Town of East Hartford constitute false arrest, false imprisonment, for which the defendants are liable to the plaintiff.

91.     The defendants arrested the plaintiff and restrained plaintiff's physical liberty against his will in an unlawful manner.

92.     As a result of the false arrest and imprisonment, the plaintiff suffered damages.

93.     On April 8, 2013, the aforementioned charges against plaintiff were abandoned by the State and dismissed with prejudice by the Superior Court.

94.     The acts of all the defendants are in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and Article First, §§ 7 and 9 of the Connecticut Constitution,

95.     The acts of all the defendants violate the Equal Protection and Procedural and Due Process clauses of the Fourteenth Amendment.

**COUNT THREE**  **(Deprivation under 42 U.S.C. § 1983 as to Town of East Hartford)**

1-95.    Paragraphs one through ninety-five of Count Two are hereby incorporated as paragraphs one through ninety-five of Count Three.

96.    The defendant Sirois in his capacity as the Chief of Police of the defendant Town of East Hartford is a policy maker for the Town of East Hartford and it's Police Department.

97.    The Town of East Hartford Police Department defendants, jointly and severally, had the legal duty to establish, enforce, direct, supervise and establish and control policies, customs, practices, usages, and procedures to be used by police officials.

98.    The police defendants acting within that duty had by various acts of omission and commission fostered and encouraged an atmosphere of lawlessness, repression and a repetitive policy, custom and practice of aggressive, abusive, and assaultive behavior and procedures toward individual detainees and arrestees which on November 15, 2012, represented the policy, practice, custom, usage and procedure of the Town of East Hartford, and that Tinsley's assault upon the child was in furtherance of the practice, custom and procedure of the Town of East Hartford

99.    The Town of East Hartford Police Department defendants, jointly and severally, have a custom and practice of falsely arresting, fabricating charges and maliciously prosecuting those charges against individuals who have been subjected to excessive force.

100.   This policy, sanctioned by prosecutors, is used unconstitutionally, illegally and unethically to coerce victims of excessive force into abandoning claims of police misconduct in return for favorable disposition of the fabricated criminal charges aforementioned.

101.   Despite having no probable cause for the criminal charges in this case, the defendants sought to manipulate the plaintiff in this same manner.

102.   In furtherance of this illegal and unconstitutional policy, the defendants coerced prosecutors by demanding that the false charges be maintained and prosecuted despite the fact that they were baseless.

103.   Even at the time of disposition, prosecutors were so entrenched in this illicit, unethical and unconstitutional policy that they could not move for dismissal: rather they stated that the would nolle the charges and only after two requests by plaintiff's counsel that the case be dismissed with prejudice, or moved to trial, did the despondent prosecutor state, "The State takes no position on the motion."

104.   Defendants Sirois, Syme, Tinsley, Sullivan and Town of East Hartford, continued the prosecution to cover up their misconduct and the liability of the defendant Town of East Hartford.

105.   The aforementioned criminal charges against the plaintiff brought by the defendants on November 15, 2012 was in furtherance of the unlawful practice, custom and procedure of the Town of East Hartford.

106.   The police defendants, jointly and severally, had a custom and policy of discriminatory treatment against Hispanics.

107.    The police defendants, jointly and severally, reprimanded and intimidated police officers and officials who reported acts of abuse of authority by others; covered up acts of misconduct and abuse of authority by individual police officers.

108.    The defendant Town of East Hartford defendants, jointly and severally, have a custom and practice of disparate discipline towards officers based on the officer's race and ethnic origin, demonstrated by the refusal to charge Tinsley with Assault and filing a false police report and secretly placing him back on full duty prior to completing their investigation.

109.    The defendant Town failed and refused to competently investigate Tinsley in order to avoid liability for this and other potential claims.

110.    At the same time other minority officers were summarily dismissed for alleged misconduct.


111.    The police defendants, jointly and severally, with knowledge of repeated allegations of abusive and assaultive behavior toward detainees and arrestees by Town of East Hartford police officers repeatedly failed to enforce established procedures to insure the safety of individual arrestees and detainees; failed to discipline police officers who had been found to have committed abusive and assaultive behavior toward detainees and arrestees; and failed and refused to competently investigate allegations of abuse and assault by police officers.

112.    The complained of acts represent the official policy of the Town of East Hartford.

113.    The acts of all the defendants are in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and Article First, §§ 7 and 9 of the Connecticut Constitution, they violate the Equal Protection and Procedural and Substantive Due Process clauses of the Fourteenth Amendment.

114.    The plaintiffs seek a declaratory judgment that these polices are in violation to the United States Constitution and injunctive relief from the court that they be ceased immediately.

## COUNT FOUR  (False Arrest and False Imprisonment)

1-85.    Paragraphs one through eighty-five of Count One are hereby incorporated as paragraphs one through eighty-five of Count Four.

86.    The acts and conduct of the individual defendants and of the police department of the Town of East Hartford constitute false arrest, false imprisonment, for which the defendants are liable to the plaintiff at common law.

87.    The defendants' conduct caused the plaintiffs severe distress and the plaintiffs' damages

**COUNT FIVE  (Negligent Infliction of Emotional Distress)**

1-85.   Paragraphs one through eighty-five of Count One are hereby incorporated as paragraphs one through eighty-five of Count Five.

86.   The acts and conduct of the individual defendants and of the police department of the Town of East Hartford constitute negligent infliction of emotional distress upon the child, for which the defendants are liable to the plaintiffs at common law.

87.   The defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress, and that the emotional distress would result in illness or bodily harm.

88.   The defendants' conduct caused the plaintiffs severe distress and caused the plaintiffs' damages.

**COUNT SIX  (Intentional Infliction of Emotional Distress)**

1-85.   Paragraphs one through eighty-five of Count One are hereby incorporated as paragraphs one through eighty-five of Count Six.

86.   The acts and conduct of the individual defendants and the police department of the Town of East Hartford constitute intentional infliction of emotional distress upon the child, for which the defendants are liable to the plaintiff at common law.

87.   The defendants' intended to inflict emotional distress, or knew that or should have known that emotional distress was a likely result of their conduct.

88.     The defendants' conduct was extreme and outrageous.

89.     The defendants' conduct cause the plaintiff severe emotional distress and caused the plaintiff damages.


**COUNT SEVEN  (Malicious Prosecution as to all defendants)**

1-85.   Paragraphs one through eighty-five of Count One are hereby incorporated as paragraphs one through eighty-five of Count Seven.

86.     Despite having no probable cause to arrest defendants maintained the aforementioned charges against plaintiff and forced him to undergo numerous court appearances, humiliation and indignity of being falsely accused and prosecuted for charges defendants all knew were false.

87.     Defendants Sirois, Tinsley, Syme, Sullivan, and Town of East Hartford, maintained the prosecution to cover up their misconduct and the liability of the defendant Town of East Hartford.

88.     The actions of defendants was willful and outrageous and intended to punish plaintiff for asserting his rights under the United States and Connecticut Constitution and laws.

89.     Defendants' conduct was willful and egregious, entitling plaintiff to an award of punitive damages.


**COUNT EIGHT (Assault and Battery as to Tinsley)**

1-85.   Paragraphs one through eighty-five of Count One are hereby incorporated as paragraphs one through eighty-five of Count Eight.

86.     The actions of the defendant Tinsley constituted an assault and battery to the plaintiff.

87.     The plaintiff claims damages.


## COUNT NINE  (Liability under CGS § 52-557 as to Town of East Hartford)

1.     Counts Four through Eight are incorporated by reference.

2.     Pursuant to Connecticut General Statutes § 52-557 The Defendant Town of East Hartford is liable for damages inflicted by the individual defendants pursuant to the common law claims.


PLAINTIFFS

BY THEIR ATTORNEY

/S/     James S. Brewer
_____
James S. Brewer
132 Firetown Road
Simsbury, CT 06070
860-217-0652
Bar No. ct 07019
jbreweratty@gmail.com

**JURY DEMAND**

The plaintiff requests a trial by jury.

BY THEIR ATTORNEY

/S/      James S. Brewer

_____

James S. Brewer
132 Firetown Road
Simsbury, CT 06070
860-217-0652
Bar No. ct 07019
jbreweratty@gmail.com

**WHEREFORE**, THE PLAINTIFF CLAIMS:

1. Compensatory money damages;

2. Injunctive relief and declaratory judgment that the arrest policy following excessive force is unconstitutional.

3. Punitive or exemplary damages;

4. Attorneys fees as provided by 42 U.S.C. S 1983 and 1988;

5. Common law attorneys fees;

6. Such other relief as in equity may pertain.

/S/       James S. Brewer
_____

James S. Brewer
132 Firetown Road
Simsbury, CT 06070
860-217-0652
Bar No. ct 07019
jbreweratty@gmail.com

21