UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUAMAN,<br>      Plaintiff,<br><br>v.<br><br>TOWN OF EAST HARTFORD, ET AL.,<br>      Defendants. | No. 3:13-cv-484 (MPS) |

**Ruling on Motions in Limine**

**I.     Introduction**

The Court assumes familiarity with the underlying facts of the dispute. The Joint Trial Memorandum included three motions in limine. (ECF No. 110.) Defendants seek to exclude (1) evidence of internal affairs and criminal investigations concerning Plaintiff's arrest and Officer Tinsley, (2) opinion testimony as to certain medical conditions, and (3) statements made in emergency room medical records. (*Id.*) The Court held a hearing on the motions on September 7, 2016.

**II.    Evidence of Internal Affairs and Criminal Investigations**

Defendants seek to exclude evidence regarding the internal affairs and criminal investigations into Plaintiff's arrest as well as evidence regarding prior, subsequent, and unrelated internal affairs investigations. Based on the representations of Plaintiff's counsel at the hearing that he will not seek to introduce such evidence in his case-in-chief, the motion is GRANTED. The Plaintiff shall not introduce any evidence, testimony, or argument regarding (1) the Internal Affairs and criminal investigations conducted by the East Hartford Police Department into Plaintiff's arrest of November 15, 2012, (2) prior, subsequent, and unrelated internal affairs investigations, or (3) the initial imposition of discipline and the eventual settlement of Officer Tinsley's labor dispute arising from the incident. Should Plaintiff's counsel believe that Defendants have opened a door relating to

any of these items, or otherwise that Defendants have waived the protection of this ruling, he shall raise any such assertions outside the presence or hearing of the jury.

### III.     Opinion Testimony by Dr. Julie Goslee and Krista Kulpa, LPC

Defendants seek to exclude the testimony of Dr. Julie Goslee and Krista Kulpa, LPC, as it relates to an opinion with regard to the Plaintiff's mental health and the effects of the incident. Defendants argue that these witnesses were not properly disclosed as experts under Fed R. Civ. P. 26. Defendants argue that neither Dr. Goslee nor Kulpa were acting as treating physicians and that Plaintiff was required to provide disclosures under Rule 26. There are two problems with this argument. First, the rule does not depend on whether the doctor was a treating physician. Under Fed. R. Civ. P. 26(a)(2)(B), only a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must provide a written report. Regardless of whether Dr. Goslee and Kulpa are treating physicians, they were not retained to provide expert testimony in the case and neither is the employee of a party.

I do find, however, as Judge Melancon did in *Barack v. Am. Honda Motor Co.*, that "a party seeking to use a treating physician must disclose more than just the identity of the treating physician." 293 F.R.D. 106, 108 (D. Conn. 2013). In particular, I find that parties seeking to elicit opinions based on scientific or other specialized knowledge, including from treating physicians, must at least comply with Rule 26(a)(2)(C), which requires witnesses who do not provide a written report to be disclosed along with "**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and **(ii)** a summary of the facts and opinions to which the witness is expected to testify." In this case, Plaintiff provided Defendants with reports of both witnesses that satisfy these requirements. The reports outline the subject matter and the facts and opinions they would testify to. Thus, the witnesses were disclosed

properly and will be allowed to testify to the opinions expressed in their reports. Therefore, the motion is DENIED.

## IV. Hearsay Statements in Medical Records

### A. The Emergency Room Records

Defendants also seek to exclude statements in the emergency room records that state that the Plaintiff was "physically assaulted" or "physically harmed."

In particular, they want the following "assessment paragraph" redacted from the emergency room records:

> ASSESSMENT: Pain level 3, using numeric pain scoring. Pt with complaints of pain in stomach and head after physical incident with an east hartford police officer. Per Mom "The police officer was supposed to escort him to court where he was suppose to have a psychological assessment ordered by court, and the officer threw him after taking him off the couch. First, he grabbed him and took him outside the apt and then took him back in the apartment. He put him on the ground onto his stomach, handcuffed him and then kept punching him in the stomach and the head, stepped on his back with his knee. I was asking the police office to stop and the DCF office got right next to the PO and told him to stop.

Defendants also seek to exclude the "Chief Complaint" paragraph:

> CHIEF COMPLAINT: 12yo male was to be escorted to court this morning. Per pt, mother, and father he was physically assaulted by the police officer. This consisted of restraining him punching him and throwing him to the ground.

Finally, the defendants want to exclude a line in the report that says "Complaint: Physical Assault."

Under Fed. R. Evid. 803(4), a statement made in a medical record is admissible when it "(A) is made for--and is reasonably pertinent to--medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause."

The Advisory Notes elaborate:

> Statements as to fault would not ordinarily qualify under this latter language. Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light. Under the exception the statement

3

>need not have been made to a physician. Statements to hospital attendants, ambulance drivers, or even members of the family might be included.

Fed. R. Evid. 803 Advisory Comm. Notes.  All of the statements made in the report are admissible under the rule.  The reference to "physical assault" in the medical records is not a statement of fault, but rather a description of the cause of the Plaintiff's injuries, and the description of the incident also goes to cause.  At least two trial courts in this Circuit have agreed with this analysis.  *See Kokoska v. City of Hartford*, 2014 WL 4724879, at *2 (D. Conn. Sept. 23, 2014) ("[R]eferences in the medical records to Plaintiff's having been 'assaulted' or 'beaten' fall within Rule 803(4)'s medical treatment or diagnosis exception to the hearsay rule. However, where the medical records indicate that Plaintiff was assaulted or beaten by the police, those references must be excluded."); *Johnson v. Tuffey,* No. 9:01–CV–1907, 2011 WL 4345285, at *5 (N.D.N.Y. Sept. 15, 2011) ("Statements referencing assault support an inference of cause more than fault and are consistent with the purposes of providing treatment and are properly admitted.").

The only sentence that will be redacted from the records under 803(4) is the last one of the "assessment paragraph," which states "I was asking the police office to stop and the DCF office got right next to the PO and told him to stop."  This sentence goes entirely to fault, and is not "reasonably pertinent" to medical diagnosis or treatment.  While the references to the East Hartford Police Department, police officer, and police arguably do suggest fault, the Court will not exclude them.  This language, while suggesting fault, also informed the physician about the injuries of the Plaintiff and helped in diagnosing and treating him.  Furthermore, in this particular case, the redaction of the words East Hartford Police, police officer, or police would be ineffective because there is no dispute that the child was taken to the emergency room after an incident with an East Hartford Police Officer.  The jurors will easily be able to deduce that the

4

redactions refer to "East Hartford Police Officer" or a similar description and thus the proposed redactions would only draw attention to this evidence.

Even though the statements in the medical record are admissible under Fed. R. Evid. 803(4), I must still consider whether any of them should be excluded under Fed. R. Evid. 403. I find that the "Chief Complaint" paragraph and the line that states "Complaint: Physical Assault" are inadmissible under that rule, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because the Court will allow the admission of the "assessment" paragraph, which discusses a "physical incident" and a reasonably detailed description of that incident, the probative value of the remaining language, including references to "physical assault," is minimal. The two words "physical assault" under "Chief Complaint" will not add to the jury's understanding of the events because they are cumulative of and less informative than the statements in the "assessment" paragraph. Furthermore, give the legal connotations of the word "assault," allowing the reference could easily mislead the jury by suggesting that the hospital employee who created the record was expressing a judgment of fault. Thus, the minimal probative value is "substantially outweighed" by the danger of unfair prejudice to the Defendants and the danger of misleading the jury.

Thus the motion is GRANTED in part. The "assessment" paragraph, with the exception of the last line, is admissible. The "Chief Complaint" paragraph and the other reference to "physical assault" shall be redacted from the emergency room records should the Plaintiff wish to introduce those records.

### B. Krista Kulpa's Reports

5

Defendants also seek to preclude the admission of Krista Kulpa's report into evidence. Based on the representations of Plaintiff's counsel at the hearing that he will not seek to introduce the report as a full exhibit, the motion is GRANTED.

### C.  Dr. Goslee's Report

Defendants similarly seek to exclude any reference in Dr. Goslee's report to the incident on November 15, 2012, particularly the description on Page 2 of an "alleged violent interaction with police" and the list of "Trauma/Abuse" on Page 3 that states that Plaintiff was "allegedly assaulted by a police officer in November 2012." Because the report does not make clear who the declarant is – it is unclear whether Dr. Goslee heard this from the child or his mother, rendered her own interpretations of what she heard, or read this in other reports – the motion is GRANTED but without prejudice to the Plaintiff's right to establish a foundation for admissibility under Rule 803(4).

### V.  Conclusion

For the reasons discussed above and at the pretrial conference, the Court GRANTS the motion to exclude evidence of internal affairs and criminal investigations concerning Plaintiff's arrest and Officer Tinsley, DENIES the motion to exclude opinion testimony the substance of which is disclosed in the reports from Kulpa and Goslee, and GRANTS in part the motion to exclude statements made in emergency room medical records.  (ECF No. 110.)

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            September 12, 2016

6